Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 4468 | DATE | 3/17/2010 |
| CASE TITLE | Walker vs. Thumbplay, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant Thumbplay, Inc.'s motion to dismiss plaintiff Cynthia Walker's second amended complaint [111] is granted without prejudice. Walker must file her third amended complaint by April 9, 2010.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the court is defendant Thumbplay, Inc's ("Thumbplay") motion to dismiss plaintiff Cynthia Walker's second amended complaint (the "Motion"). For the following reasons, the Motion is granted.

This action was originally filed in the Circuit Court of Cook County on July 21, 2008. On August 7, 2008, Thumbplay removed the action to this Court. On April 2, 2009, plaintiff filed an amended complaint. On August 6, 2009, plaintiff filed a second amended complaint, substituting Cynthia Walker ("Walker") as the named plaintiff. The four-count second amended complaint (the "Complaint") contains claims for unjust enrichment, tortious interference with contract, trespass to chattels, as well as one claim brought pursuant to the Illinois Consumer Fraud Act ("ICFA"). In response to the Complaint, Thumbplay filed its Motion. The Motion is fully briefed and before the Court.

Thumbplay argues that Walker's unjust enrichment, tortious interference with contract and ICFA claims all sound in fraud and that Walker has failed to plead these claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court agrees.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Notably, "Rule 9(b) applies to 'averments of frauds,' not claims of fraud, so whether the rule applies will depend on the plaintiff['s] factual allegations." Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007). Accordingly, "[a] claim that 'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements." Id.; see also Windy City Metal Fabricators & Supply Inc. v. CIT Tech. Financing Servs., Inc., 536 F.3d 663, 670 (7th Cir. 2008) ("It is well settled that a federal court sitting in diversity applies federal pleading requirements even when the claim pleaded arises under state rather than federal law.") (quotations omitted); Costa v. Mauro Chevrolet, Inc., 390 F. Supp. 2d 720, 731 (N.D. Ill. 2005) (holding that an ICFA claim must be pled "with the same particularity and specificity as that required under common law fraud under Rule 9(b)").

In the present case, Walker asserts that the "core" of her Complaint is the allegation that "the billing and collection systems established by companies, including Thumbplay, in aid of and to enrich the premium mobile content industry, are conspicuously free of any checks or safeguards to prevent erroneous and unauthorized charges from being added to customer's bills." Compl. ¶¶ 6-7. Because Walker's unjust enrichment, tortious interference with contract, and ICFA claims are all generally based upon this allegedly fraudulent billing and collection system employed by Thumbplay, the three claims sound in fraud and must be

## STATEMENT

stated with particularity. See Borsellino, 477 F.3d at 507 (holding that plaintiffs' claims of interference with economic advantage and interference with fiduciary relationship sounded in fraud and had to be pleaded with particularity).

The Seventh Circuit has stated that to satisfy Rule 9(b) a plaintiff must plead "the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990); see also Arazie v. Mullane, 2 F.3d 1456, 1465 (7th Cir. 1993) (plaintiffs must provide enough detail about the underlying facts to allow a court to evaluate plaintiffs' fraud claim in a meaningful way). Walker's unjust enrichment, tortious interference with contract and ICFA claims cannot meet Rule 9(b)'s requirements in their present form. With respect to Walker's tortious interference with a contract claim, Walker does not attach the contract she executed with her wireless carrier; nor, more importantly, does she identify the provision of the contract that Thumbplay allegedly induced Walker to breach. As to Walker's unjust enrichment and ICFA claims, Walker alleges that in November and December of 2007 Thumbplay caused Walker's account to be charged for mobile content services that she neither wanted nor authorized. Walker, though, does not allege the specific dates of these charges or the amounts of the charges. Therefore, Walker has failed to plead the "what" and "when" of Thumbplay's alleged fraudulent actions with sufficient particularity. Accordingly, Counts I, II and IV of Walker's Complaint are dismissed without prejudice.

Walker's trespass to chattels claim, although it does not sound in fraud, fails to "state a claim to relief that is plausible on its face" and therefore must also be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bergman v. Evans, No. 09 C 9, 2009 WL 2460820, at *3 (N.D. Ill. Aug. 6, 2009) (quoting Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 802-03 (7th Cir. 2008)) ("Following *Bell Atlantic*, a complaint will survive a motion to dismiss only when the complaint 'contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case.'").

Under Illinois law, "trespass is an intentional invasion of the exclusive possession of another, and trespass to chattel requires intentional dispossession of another's chattel or using or interfering with a chattel possessed by another." Microthin.com, Inc. v. Siliconezone USA, LLC, No. 06 C 1522, 2006 WL 3302825, at *6 (N.D. Ill. Nov. 14, 2006) (quotations omitted); see also Najieb v. William Chrysler-Plymouth, No. 01 C 8925, 2002 WL 31906466, at *10 (N.D. Ill. Dec. 31, 2002) (holding that damages are a required element of a trespass to chattels claim). Thumbplay claims that Walker has failed to state a trespass to chattels claim because she did not allege that Thumbplay's alleged trespass impaired the functionality of her wireless device. See e.g., Omega World Travel, Inc. v. Mummagraphics, Inc., 469 F.3d 348, 359 (4th Cir. 2006) ("[T]he courts that recognize trespass to chattels based upon computer intrusions do not allow an action for nominal damages for harmless intermeddlings with the chattel.") (quotations omitted). Walker, in turn, argues that her allegations are analogous to the trespass to chattel allegations in Sotelo v. DirectRevenue, LLC, 384 F. Supp. 2d 1219 (N.D. Ill. 2005), which were sufficient to survive a motion to dismiss. In Sotelo, however, plaintiffs alleged that the spyware sent to users' computers "cause[d] computers to slow down, t[ook] up the bandwith of the user's Internet connection, incur[red] increased Internet-use charges, [and] deplete[d] a computer's memory. . . ." Id. at 1230. In contrast, Walker's only non-conclusory damages allegation is that Thumbplay "occupied the memory of [Walker's wireless] device[] and/or dispossessed Plaintiff and the members of the Class of unencumbered access to their wireless devices." Compl. ¶ 63. Nowhere does Walker allege that Thumbplay's trespass actually diminished the functioning of her wireless device. See Sotelo, 384 F. Supp. 2d at 1231 (denying defendant's motion to dismiss because plaintiff alleged that defendant interfered and damaged his computer and his internet connection "by over-burdening their resources and diminishing their functioning"). The Court therefore finds that at the present time Walker's trespass to chattel claim is not supported by sufficient detail to indicate that Walker has a substantial case. See Bergman, 2009 WL 2460820, at *3. Accordingly, her trespass to chattel claim is dismissed without prejudice. IT IS SO ORDERED.